UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

RAY FULTZ,

           Plaintiff,           Case No. 1:11-cv-461

v.                                            Honorable Janet T. Neff

UNKNOWN MAZANEE et al.,

           Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. § 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, Plaintiff's action will be dismissed as frivolous or for failure to state a claim.

**Factual Allegations**

Plaintiff is incarcerated at the Ionia Maximum Correctional Facility. In his *pro se* complaint, he sues former Michigan Department of Corrections (MDOC) Director Patricia Caruso, MDOC Deputy Director Dennis Straub, and Resident Unit Officers (unknown) Manazee and (unknown) Sharp. Plaintiff's complaint is difficult to follow. In the "Statement of Claim" portion of the form complaint, Plaintiff wrote (verbatim): "Defendants conspired to attack two prisoner and have indicated that the attack will continue peep game each person to be held responsible in future. Be on point." (Compl., docket #1, Page ID#2.) On an attached sheet of paper, Plaintiff added general allegations that Defendants conspired to violate his federal rights by bringing false disciplinary charges against him for assaulting staff. Plaintiff's conviction on those charges resulted in his classification to administrative segregation. In the "Relief" section of the form complaint, Plaintiff stated (verbatim): "That each named Defendant be dealt with immediately Big C has instructions and loot play. The case you got must be filed now and stay on point with those lames, file the suit now I gave you its good." (Compl., docket #1, Page ID#5.) Plaintiff also seeks an unspecified amount of monetary damages.

**Discussion**

An action may be dismissed as frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Lawler v. Marshall*, 898 F.2d 1196, 1198 (6th Cir.1990). Claims that lack an arguable or rational basis in law include claims for which the defendants are clearly entitled to immunity and claims of infringement of a legal interest which clearly does not exist; claims that lack an arguable or rational basis in fact describe fantastic or delusional scenarios. *Neitzk*e, 490 U.S. at 327-28; *Lawler*, 898 F.2d at 1199. In this case, the Court

is unable to discern the allegations contained in portions of Plaintiff's complaint. While the majority of Plaintiff's writing is legible, the words do not form coherent sentences or convey clear thoughts. Because the court is unable to decipher Plaintiff's prose, those portions of his complaint necessarily lack an arguable basis either in law or fact and will be dismissed as frivolous. *See Neitzke*, 490 U.S. at 395; *see also Parker v. Parker International/Parker Tobacco Company*, No. 89-6078, 1990 WL 63523, at *1 (6th Cir. May 11, 1990).

In those portions of the complaint that are coherent, Plaintiff fails to state a claim upon which relief may be granted. A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 129 S. Ct. at 1949. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 129 S. Ct. at 1949 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Iqbal*, 129 S. Ct. at 1950 (quoting FED. R. CIV.

P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

While Plaintiff generally asserts that Defendants conspired to violate his federal rights by bringing false misconduct charges against him, Plaintiff fails to make any specific factual allegations whatsoever against the individual Defendants. Consequently, the Court cannot draw a reasonable inference that any of the named Defendants are liable for violations of Plaintiff's federal rights. *See Iqbal*, 129 S. Ct. at 1949. Moreover, Plaintiff cannot maintain an action under Section 1983 against Defendants Caruso and Straub by virtue of their current or former supervisory positions within the MDOC. Government officials may not be held liable for the unconstitutional conduct of their subordinates under a theory of respondeat superior or vicarious liability. *Iqbal*, 129 S. Ct. at 1948; *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691(1978); *Everson v. Leis*, 556 F.3d 484, 495 (6th Cir. 2009). A claimed constitutional violation must be based upon active unconstitutional behavior. *Grinter v. Knight*, 532 F.3d 567, 575 (6th Cir. 2008); *Greene v. Barber*, 310 F.3d 889, 899 (6th Cir. 2002). The acts of one's subordinates are not enough, nor can supervisory liability be based upon the mere failure to act. *Grinter*, 532 F.3d at 575; *Greene*, 310 F.3d at 899; *Summers v. Leis*, 368 F.3d 881, 888 (6th Cir. 2004). "[A] plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution." *Iqbal*, 129 S. Ct. at 1948. Plaintiff has failed to allege that Defendants Caruso and Straub engaged in any active unconstitutional behavior. Accordingly, Plaintiff fails to state a claim against the named Defendants.

**Conclusion**

Having conducted the review now required by the Prison Litigation Reform Act, the Court determines that Plaintiff's action will be dismissed as frivolous or for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).

The Court must next decide whether an appeal of this action would be in good faith within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997). For the same reasons that the Court dismisses the action, the Court discerns no good-faith basis for an appeal. Should Plaintiff appeal this decision, the Court will assess the $455.00 appellate filing fee pursuant to § 1915(b)(1), *see McGore*, 114 F.3d at 610-11, unless Plaintiff is barred from proceeding *in forma pauperis*, e.g., by the "three-strikes" rule of § 1915(g). If he is barred, he will be required to pay the $455.00 appellate filing fee in one lump sum.

This is a dismissal as described by 28 U.S.C. § 1915(g).

A Judgment consistent with this Opinion will be entered.


Dated: June 16, 2011                               /s/ Janet T. Neff
                                                   Janet T. Neff
                                                   U.S. District Judge